UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TOM W. CUTTILL et al.,

        Plaintiffs

        v.

FRANK J. PICKNEY et al.,

        Defendants

Case No. C2-04-375
District Judge Sargus
Magistrate Judge Kemp

OPINION AND ORDER

Originally, this case was filed on April 19, 2004, in the Court of Common Pleas of Franklin County, Ohio, against Defendants Frank J. Pickney and Hoosier Tradewinds, Inc. By Notice of Removal filed by those Defendants on May 12, 2004 (Doc. 1), the case was removed to this Court under authority of 28 U.S.C. §1446(a) on the grounds that Plaintiffs are citizens of the state of Texas while Defendants are citizens of the states of Maryland and Indiana, respectively, and the amount in controversy exceeds $75,000. Doc. 1; see 28 U.S.C. §1332. Defendants Star Leasing Company and Zurich American Insurance Company were added as parties to the case by an amended complaint filed August 3, 2004. Doc. 12.

As alleged in that First Amended Complaint, the case arises out of a motor vehicle accident involving two semitrailer trucks and a van that occurred on January 20, 2004, on Interstate Route 70 in Columbus, Ohio. Plaintiffs, who are residents of Crowley, Texas, were operating one of the trucks as drivers for Werner Enterprises the headquarters of which is in Omaha, Nebraska. Defendant Frank

Pickney who is a resident of Baltimore, Maryland, was operating the other semi-trailer truck which was owned by Defendant Hoosier Tradewinds, Inc., an Indiana Corporation with headquarters in Carmel, Indiana. Defendant Star Leasing (apparently of Columbus) allegedly was employed by Hoosier to perform maintenance on the semitrailer driven by Pickney. Amd. Comp., Doc. 12, ¶2. Defendant Zurich American is admittedly the insurance carrier for Defendant Hoosier trucking. Def. Zurich Ans., Doc. 17, ¶2. The owner-driver of the van allegedly also involved in the accident in question is not a party to these proceedings.

This case is now before the Court on Defendant Zurich's separate Motion for Summary Judgment with its supporting memorandum (Doc. 48), as well as the other memoranda (Docs. 54, 58) and materials of record submitted by Zurich and the Plaintiffs[1] in support of and in opposition thereto. The Court also has before it Plaintiffs' motion for an oral hearing on Zurich's motion. Doc. 57.

First, with respect to the latter motion, Southern District of Ohio Civ. R. 7.1(a) provides that motions such as Zurich's, expressly including those under Rule 56, shall be decided based on memoranda "and without oral hearings unless ordered by the Court." From the content of Plaintiffs' motion, it appears that what they seek is an opportunity for oral argument rather than an evidentiary hearing. In such case, Rule 7.1(b)(2) provides for scheduling the same upon request if deemed by the Court "essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented."

---

1. No other parties have submitted memoranda on Zurich's subject motion.

2

In this case, the Court does not consider that any of the above factors are present in such degree as to warrant departure from the normal procedure. The case has no obvious special public significance; and, as explained more fully below, the legal and factual issues presented by Zurich's motion are neither particularly complex nor difficult to resolve. The Court will therefore decline Plaintiff's request and proceed to decide Defendant Zurich's motion without scheduling oral argument.

The procedure for considering Zurich's motion, i.e., for determining whether summary judgment in its favor is appropriate, is set forth in Federal Rule of Civil Procedure 56(c) as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In ruling on such a motion, the evidence must be viewed in the light most favorable to the nonmoving party. See Adickes v. Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, summary judgment *is* appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). Further, cases are not neces-

sarily inappropriate for summary judgment merely because they are complex or involve state of mind issues. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (citing Matsushita and Anderson, *inter alia*).

In the Street opinion, the Sixth Circuit sets out a number of further principles now applicable to summary judgment practice, including the following. In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Ibid. (quoting Liberty Lobby, 477 U.S. at 257). In other words, the non-moving party "must adduce more than a mere scintilla of evidence in order to overcome the motion." Ibid. (citing Liberty Lobby, *inter alia*). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." Id. at 1479-80 (citing Frito-Lay, Inc. v. Willoughby, 863 F.2d 1029 (D.C. Cir. 1988); see Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n.7 (5th Cir. 1992). Thus, it must now appear that the non-moving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which reliance is placed to show there is a genuine issue of material fact requiring a trial for its resolution. See Interroyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Defendant Zurich asserts, and Plaintiffs do not dispute, that "the amended complaint was the first time Zurich was named in this action," and that "[t]he only claim alleged against Zurich is spoliation of evidence." Doc. 48, p. 3. This is clearly

the case as shown by the Seventh Cause of Action, titled "Spoliation of Evidence," which first appears in the amended complaint and which is the only cause of action to mention Defendant Zurich.

In support of its motion for summary judgment, Zurich points to the allegation that it "'willfully destructed [sic] the evidence in this case,' (Amended Complaint, ¶39)" and asserts that in fact "[n]o evidence of willful destruction of evidence exists and Zurich did not authorize any repairs or have any control over the parts that are allegedly missing." Doc. 48, p. 4. In their response, the Plaintiffs have not pointed out any such evidence in the record, and the Court has found none. Instead, Plaintiffs assert that the record shows "Zurich was aware that its insured was liable for the damages suffered by the Plaintiffs," and that "it [Zurich] failed to preserve important evidence." Doc. 54, p. 5. Plaintiffs then further argue that "[t]here is ample evidence to suggest that Zurich knew that it had a duty to preserve evidence in this case," and that it is apparent "Zurich willfully allowed the destruction of relevant evidence to take place even though it knew the evidence was important to the Cuttills." Id., pp. 8, 9. The Court does not find these assertions of Plaintiffs are supported by evidence before the Court on this motion, at least not in the sense required to support a cause of action spoliation under Ohio law.

In this diversity case, this Court applies the substantive law of the State of Ohio as interpreted by its highest court. See Northland Ins. Co. v. Guardsman Products, Inc., 141 F.3d 612, 617 (6th Cir. 1998); Imperial Hotels Corp. v. Dore, 257 F.3d 615, 620 (6th Cir. 2001).

> .... However, "[i]f the highest court has not spoken, the federal court must ascertain from all available data what the state law is and apply it. If the state appellate court announces a principle and relies upon it, that is a datum not to be disregarded by the federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."

Northland Ins. Co. at 617 (quoting Clutter v. Johns-Manville Sales Corp., 646 F.2d 1151, 1153 (6th Cir. 1981)).

In White v. Ford Motor Co., 142 Ohio App.3d 384 (2001), the Ohio Court of Appeals for this county had occasion to consider Ohio law respecting spoliation claims in the context of summary judgment that had been granted to an insurance company on such a claims in another motor vehicle accident case. The court first noted the Ohio Supreme Court's authoritative statement on that subject.

> In *Smith v. Howard Johnson Co., Inc.* (1993), 67 Ohio St.3d 28, 615 N.E.2d 1037, the Ohio Supreme Court responded to a certified question from the United States District Court, Southern District of Ohio, Eastern Division, inquiring whether Ohio recognized a claim for intentional or negligent spoliation of evidence and/or tortious interference with prospective civil litigation, and if so, what were the elements of each such claim. In responding, the Ohio Supreme Court acknowledged that a cause of action exists in tort for interference with or destruction of evidence. According to the Supreme Court, the elements of the claim are "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts [.]" *Id.* at 29, 615 N.E.2d at 1038.

White at 386. The appellate court then went on to affirm the summary judgment in the insurance company's favor in White, upon the following reasoning.

> Even construing the evidence in plaintiffs' favor, the record fails to demonstrate that Grange willfully destroyed the evidence. In a spoliation case, "willful" reflects an intentional and wrongful commission

> of the act. *Drawl v. Cornicelli* (1997), 124 Ohio App.3d 562, 706 N.E. 2d 849. In *Drawl*, the court relied on the Black's Law Dictionary definition of "willful," noting that "willful" necessarily contemplates more than mere negligence or failure to conform to standards of practice, but instead anticipates an intentional, wrongful act.

Id. at 387-88. Further, other Ohio appellate courts have consistently rejected arguments that the above interpretation of Smith v. Howard Johnson has been broadened by any subsequent Ohio Supreme Court pronouncement. See Pratt v. Payne, 153 Ohio App.3d 450, 454-55, 456 (2003); Tate v. Adena Reg. Med. Ctr, 155 Ohio App.3d 524, 533-34 (2003).[2]

Consistent with the foregoing, Plaintiff's motion for oral hearing (Doc. 57) is DENIED. Further, the Court finding no evidence in this case from which a jury could conclude that Defendant Zurich Insurance willfully destroyed any evidence whatever, let alone that it did so with intent to disrupt Plaintiffs' case, it is therefore ORDERED that Defendant Zurich's Motion for Summary Judgment (Doc. 48) is GRANTED and said Defendant is DISMISSED as a party to his case, with prejudice.

IT IS SO ORDERED.

11-28-2005
Dated

Edmund A. Sargus, Jr.
United States District Judge

---

2. Noting Justice (now Sixth Circuit Judge) Cook's admonition in dissent in Davis v. Wal-Mart Stores, Inc., 93 Ohio St.3d 488, 496, n.6 (2001), that certain dicta in that case should not be misconstrued as broadening the definition of "willful destruction" as used in spoliation claims criteria. Tate at 533.